**EXHIBIT C**

# UNITED STATES DISTRICT COURT

## DISTRICT OF MINNESOTA

| | |
|---|---|
| The Pillsbury Company, a corporation, | Court File No.: 03-6560 DSD/SRN |
| Plaintiff, | |
| v. | DEFENDANT'S ANSWER TO PLAINTIFF'S AMENDED COMPLAINT AND COUNTERCLAIM |
| Zurich American Insurance Company, a corporation, | |
| Defendant. | |

Defendant Zurich American Insurance Company, for its answer to the Plaintiff's First -Amended Complaint:

I.

Denies each and every matter, thing and allegation contained in said First Amended Complaint except as is hereinafter admitted, qualified or otherwise answered.

II.

Specifically denies that Defendant Zurich American Insurance Company is bound to provide coverage under the Zurich American insurance policy and denies that it breached said insurance policy and denies that Plaintiff Pillsbury is entitled to the damages sought. Affirmatively allege that Plaintiff failed to state a claim upon which relief can be granted for declaratory judgment pursuant to 28 U.S.C. 2201 or otherwise and further alleges that Plaintiff's claims, if any, are for breach of contract and not subject to any laws pertaining to declaratory judgments.

III.

Defendant is without sufficient information to form a belief as to the truth of the

allegations contained in Paragraph 2 and, therefore, specifically denies said same and holds the Plaintiff to its strictest burden of proof relative thereto.

IV.

Defendant admits the allegation contained in Paragraph 3.

V.

Defendant is without sufficient information to form a belief as to the truth of the allegations contained in Paragraph 4 of the First Amended Complaint as it relates to Plaintiff Pillsbury and, therefore, denies said allegations and holds Plaintiff to its strictest burden of proof relative thereto.

VI.

Defendant admits that it transacts or has transacted business in the District of Minnesota but states that it is without sufficient information to form a belief as to the truth of the allegations contained in Paragraph 5 and, therefore, denies said same and holds Plaintiff to its strictest burden of proof relative thereto.

VII.

Defendant admits the allegations contained in Paragraph 6 of the First Amended Complaint and further states that said policy was issued and in full force and effect but subject to all of its terms, conditions, limitations, provisions and exclusions, all of which are incorporated herein by reference.

VIII.

Defendant admits the allegations contained in Paragraph 7 relative to the identity of the insured contained in the subject policy but states that it is without sufficient information to form

a belief as to the truth of the allegations contained in Paragraph 7 and, therefore, denies said same and holds Plaintiff to its strictest burden of proof relative thereto.

IX.

Defendant admits that the policy with regard to perils insured against does provide the language as set forth in Paragraph 8 of the First Amended Complaint but the Defendant further denies that a true and correct copy of the Zurich policy with policy periods beginning July 1, 1998, and ending July 1, 1999, and beginning July 1, 1999, and ending July 1, 2000, is attached to the First Amended Complaint as Exhibit A. Defendant further denies any and all other remaining allegations contained in Paragraph 8.

X.

The Defendant is without sufficient information to form a belief as to the truth of the allegations contained in Paragraphs 9, 10, 11, 12, and 13 of the First Amended Complaint and, therefore, denies said same and holds Plaintiff to its strictest burden of proof relative thereto.

XI.

Defendant is without sufficient information to form a belief as to the truth of the allegations contained in Paragraphs 14 and 15 of the First Amended Complaint and, therefore denies said same and holds Plaintiff to its strictest burden of proof relative thereto.

XII.

Defendant admits that on July 29, 2001, a fax was received by Zurich U.K. which was notification from Pillsbury of a product recall claim. Defendant further admits that on November 30, 2001, a Statement of Claim was submitted by the in-house counsel for General Mills Bakery's and Food Service. Defendant is without sufficient information to form a belief as to the

truth of the remaining allegations contained in paragraph 16 and, therefore, denies said same and holds Plaintiff to its strictest burden of proof relative thereto.

XIII.

Defendant admits that on or about May 17, 2002, a Preliminary Claim Report was submitted to Crawford Technical Services, the independent adjusters for the Defendant. Defendant denies the remaining allegations contained in Paragraph 17.

XIV.

Defendant admits that its independent claims adjuster Desmond Sullivan of Crawford Technical Services met with representatives of the Plaintiff on July 9, 2002. Defendant admits that its independent adjusters at Crawford Technical Services forwarded an initial document request list to the Plaintiff's attorneys dated July 12, 2002. Defendant also admits that on or about November 20, 2002, its independent adjusters Crawford Technical Services received a letter dated November 5, 2002, from Pillsbury's attorneys enclosing much but not all of the information and documentation that was requested in the letter of Crawford Technical Services dated July 12, 2002. Defendant denies the remaining allegations contained in Paragraph 18.

XV.

Defendant admits that a supplemental document request was submitted by it to Plaintiff's attorneys on February 25, 2003. Defendant admits that on or about June 26, 2003, its independent adjusters, Crawford Technical Services received documents from Plaintiff's attorney in response to Defendant's document and information requested on February 25, 2003. Defendant denies the remaining allegations contained in Paragraph 19.

XVI.

Defendant specifically denies the allegations contained in Paragraph 20 of the First Amended Complaint, including, but not limited to, subparagraphs (a) and (b) of Paragraph 20.

XVII.

Defendant hereby incorporates all of the previous paragraphs of its Answer to the allegations contained in Paragraphs 1-20 of the First Amended Complaint as its answer to Paragraph 21 of the First Amended Complaint as if set forth in full.

XVIII.

Defendant denies the allegations contained in Paragraph 22.

XIX.

Defendant admits the allegations contained in Paragraph 23.

XX.

Defendant admits the allegations contained in Paragraph 24, subparts a and b of the First Amended Complaint.

XXI.

Defendant specifically denies the allegations contained in Paragraphs 25, 26, and 27 of the First Amended Complaint.

XXII.

Defendant incorporates all of the previous paragraphs of its Answer herein to the allegations contained in Paragraphs 1 - 27 as its answer to Paragraph 28 as if set forth in full.

XXIII.

Defendant denies the allegations contained in Paragraphs 29 and 30 of the First Amended Complaint.

## AFFIRMATIVE DEFENSES

### XXIV.

Defendant affirmatively alleges that the Plaintiff's First Amended Complaint fails to state a claim upon which relief can be granted.

### XXV.

Defendant affirmatively alleges that the Plaintiff has failed to join indispensable parties without whom a just adjudication of this matter cannot be had.

### XXVI.

Defendant affirmatively alleges that Plaintiff's First Amended Complaint is barred by the applicable doctrines of waiver, laches and estoppel.

### XXVII.

Defendant affirmatively alleges that Plaintiff's First Amended Complaint is barred by the applicable time limitations for suit and statutes of limitations contained in the policy and/or the applicable law.

### XXVIII.

The policy sued upon does not cover customer recall and administrative costs, customer lost profits and net lost profit on unsold product. Said elements of Plaintiff's claim are not covered by the policy sued upon.

### XXIX.

The Plaintiff's claim for alleged lost profit is not covered by the policy sued upon since the Plaintiff recovered its lost profits. The Plaintiff's claim for public relation costs is not covered by the policy sued upon as the costs were an allocation of normal internal cost.

XXX.

The Zurich American policy sued upon does not provide product recall coverage. To the extent Plaintiff is claiming product recall expenses, said expenses are not covered by the policy sued upon.

XXXI.

The Zurich American Insurance Company policy number PPR2894226 sued upon with regard to perils excluded provides:

The policy does not insure:

> B. Against the cost of making good defective design or specifications, faulty material, or faulty workmanship unless loss or damage not otherwise excluded ensues, and then this policy shall only cover for such ensuing loss or damage if resulting loss or damage is from a peril insured herein;

XXXII.

Plaintiff's claimed loss is excluded, in whole or in part, by reason of the aforementioned exclusion.

XXXIII.

The Zurich American Insurance Company policy number PPR2894226 sued upon with regard to perils excluded provides:

The policy does not insure:

> F. Against errors in processing (including computer processing) or manufacture of the insured's product unless loss or damage from a peril insured herein ensues and this policy shall cover for such ensuing loss or damage.

7

### XXXIV.

Plaintiff's claimed loss is excluded, in whole or in part, by reason of the aforementioned exclusion.

### XXXV.

Endorsement 5 of the policy provides with regard to

CLAUSE 9 - PERILS EXCLUDED:

Sub-clause 1 is deleted and replaced by:

1. Seepage and/or Pollution and/or Contamination Exclusion

   Against loss, damage, cost or expenses in connection with any kind or description of seepage and/or pollution and/or contamination, direct or indirect, arising from any cause whatsoever.

Nevertheless, if a peril is not excluded from this policy arises directly or indirectly from seepage and/or pollution and/or contamination any loss or damage insured under this policy arising

(1) a Defined Peril
(2) other sudden unexpected accidental loss destruction or damages;
(3) the accidental use of contaminated raw materials;
(4) any of the perils or events referred to in a) and b) above which results from seepage and/or pollution and/or contamination.

Further in the event of any product being contaminated (other than contamination which is caused maliciously with the intent to make a threat or demand) and not expected under the terms of this Policy the amount payable hereunder shall be:

(a) As per the Valuation Clause other than in respect of product no longer belonging to the Insured where the basis of settlement shall be the cost of replacing the said contaminated product

8

(b) The cost of withdrawal of the said contaminated product and any other product associated therewith including the cost of inspection destruction or disposal where necessary.

Provided that:

.....

4. A deductible of $151,390 any one loss or series of losses resulting from any one incident applies to the cost of withdrawal coverage.

### XXXVI.

The Plaintiff's claimed loss is not covered and/or limited by the terms and provisions of the Seepage and/or Pollution and/or Contamination Exclusion.

### XXXVII.

The Renewal Certificate Declarations portion of the policy states that:

.....

As respects the peril of seepage and/or contamination all losses, damages, or expenses arising out of any one Occurrence shall be adjusted as one loss and from the amount of such adjusted loss shall be deducted the sum of $7,569,500.

### XXXVIII.

Plaintiff's claimed loss is not covered and/or limited by the terms and provisions of the Renewal Certificate Declarations.

### XXXIX.

With regard to proof of loss the policy provides as follows:

1. It shall be necessary for the insured to render a signed and sworn proof of loss to the company or its appointed representative stating: the place, time and cause of the loss, damage, or expense; the interest of the insured and of all others; the value of the property involved in the loss; and the amount of loss damage or expense.

### XXXX.

With regard to suit against the company the policy provides as follows:

1. No suit or action for the recovery of any claim under this policy will be sustainable in any court of law or equity unless the insured will have fully complied with all the requirements of this policy, nor unless commenced within twelve (12) months after the occurrence causing the loss or damage unless a longer period of time is required under the laws of the jurisdiction in which the property is located.

### XXXXI.

The Plaintiff did not render a signed and sworn proof of loss to the company or its appointed representative according to the terms and conditions of the policy of insurance sued upon and the insured has not fully complied with all of the requirements of the policy, and therefore no suit or action for the recovery of any claim under this policy will be sustainable in any court of law or equity.

### XXXXII.

With regard to appraisal the policy provides as follows:

1. If the insured and this company fail to agree on the amount of loss, each, upon the written demand either of the insured or of this company made within 60 days after receipt of proof of loss by the company, shall select a competent and disinterested appraiser. The appraisers shall then select a competent and disinterested umpire. If they should fail for 15 days to agree upon such umpire, then upon the request of the insured or of this company, such umpire shall be selected by a judge of a court of record in the county and state in which such appraisal is pending. Then, at a reasonable time and place, the appraisers shall appraise the loss, stating separately the value at the time of loss and the amount of loss. If the appraisers fail to agree, they shall submit their differences to the umpire. An award in writing by any two (2) shall determine the amount of loss. The insured and this company shall each pay his or its chose appraiser and shall bear equally the other expenses of the appraisal and of the umpire.

### XXXXIII.

Defendant does not waive any of its rights with regard to demanding appraisal and reserves all of its rights and defenses with regard to the appraisal provisions of the policy.

### XXXXIV.

Any loss or damage sustained by the Plaintiff is not covered, excluded, and/or limited by

10

the terms, conditions, limitations and exclusions of the subject policy all of which are herein incorporated by reference.

XXXXV.

On or about July 23, 2004, Defendant paid Plaintiff the sum of $678,295.00 for the claimed loss and damage. On or about October 20, 2004, Defendant paid Plaintiff the additional sum of $69,666.00 for the claimed loss and damage. The total sum of $747,961.00 has been paid by Defendant Zurich to Plaintiff and no further monies are due.

**WHEREFORE**, Defendant, Zurich American Insurance Company, respectfully requests that judgment be entered in its favor and against Plaintiff and that it be awarded its costs sustained herein.

## COUNTERCLAIM
## FOR REFORMATION

XXXXVI.

Policy number PPR2894266 is commonly referred to as a policy and the territory provision of the policy provides it applies anywhere in and in transit within or between the Continental United States of America, excluding inter-costal shipments to or from Alaska; and anywhere in and in transit within the state of Hawaii.

XXXXVII.

A Master policy was procured by Diageo PLC and subsidiary and associated companies, including Plaintiff Pillsbury, which was in effect on the alleged date of loss. The Master policy number is 16/019366/50963196 and it was issued by Zurich International (UK).

XXXXVIII.

The underwriting of the Master policy and the local US policy was accomplished by Zurich UK and Zurich American through Diageo and/or subsidiary and/or associated companies

11

through its broker Marsh Ltd. and Marsh (UK) Ltd. with the understanding and agreement that the limit of liability of the insurers in respect of any one loss or series of losses resulting from any one incident as insured, will be subject to the following combined property damage and business interruption inner limits: 10,000,000 pounds any one Occurrence with regard to withdrawal expenses of contaminated products.

## XXXXIX.

As to deductibles, with regard to both the Zurich International UK Limited Master Policy and the Zurich American Insurance Company US Local Policy, the deductible is: Pollution and Contamination withdrawal expenses as per Master P & C 5,000,000 pounds each and every Occurrence (non-ranking).

## XXXXX.

As a result of a mutual mistake of fact, the Zurich American US policy sued upon was issued without a limit of liability of 10,000,000 pounds, any one Occurrence as regards withdrawal expenses of contaminated products and without a deductible of 5,000,000 pounds each and every Occurrence (non-ranking) with regard to Pollution and Contamination withdrawal expenses.

## XXXXXI.

Plaintiff's claim herein is limited by the limit of 10,000,000 pounds and deductible of 5,000,000 pounds.

**WHEREFORE**, Defendant, Zurich American Insurance Company, respectfully requests that the policy sued upon be reformed to reflect the aforementioned limit and deductible and for such further and just relief as the Court deems appropriate.

DEFENDANT, ZURICH AMERICAN INSURANCE COMPANY DEMANDS TRIAL BY JURY ON ALL ISSUES SO TRIABLE.

HANSON LULIC & KRALL

Dated: April 4, 2005

By  s/ Timothy S. Poeschl
Joseph F. Lulic (#65018)
Timothy S. Poeschl (#0312447)
700 Northstar East
608 Second Avenue South
Minneapolis, MN 55402
Telephone: (612) 333-2530
*Attorney for Defendant*

G:\HLK\18991\Pldgs\Answer.first amend.doc